JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff William Bambeck brought this pro se action for collection on an account against the Catholic Diocese of Cleveland, the Most Reverend Anthony Pilla and James Quinn, bishops of the Cleveland Catholic Diocese, the Reverend John Carlin, pastor of St. Charles Borromeo Church, Kevin Leigh and Lou DeGross, claiming that they collectively owed him $1,967.57 for electrical work he performed for St. Charles Borromeo parish summer carnival. The court dismissed the Diocese and Bishops Pilla and Quinn from the case. It then granted as unopposed a motion for summary judgment filed by defendants Father Carlin, Leigh and DeGross. Bambeck appeals from both orders. He also appeals from a restraining order prohibiting him from entering upon parish property.
 {¶ 2} Bambeck assigns the following errors for our review:
"I. Defendant's motion for summary judgment was granted asunopposed, even though thoroughly opposed."
 "II. Defendants 1-2 were dismissed after improper trial offrecord."
 "III. Improper deadline gave no time for plaintiff'sdispository motions."
 "IV. Temporary restraining order was decided in improperhearings off record and ex parte evidence was not considered;public safety was endangered."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the decision of the trial court. We will address the errors out of order and together where appropriate for ease of discussion.
 Motion to Dismiss {¶ 4} In his second assigned error, Bambeck argues the trial court erred by dismissing his claims against the Diocese and Bishops Pilla and Quinn and also contends irregularities occurred at the case management conference at which the motion to dismiss was discussed.
 {¶ 5} Civ.R. 12(B)(6) permits the court to dismiss a claim for relief when the court is unable to grant relief on that claim. The court may do so only when it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.[1] When reviewing a motion to dismiss, we look only at the complaint and are obligated to accept as true all of the allegations contained in the complaint.[2]
 {¶ 6} Liberally construing Bambeck's complaint, it appears that he is a licensed electrician who, for many years, performed after-hours volunteer electrical work by verbal agreement for the parish carnival. He alleged that the parish would, however, pay him for his expenses and any time he worked during his normal business hours.
 {¶ 7} As the 2003 carnival approached, Bambeck alleged that not enough volunteers were arranged to assist him and that he had to perform much of the electrical work during his business hours. When he complained about the lack of volunteers, he claimed that Leigh told him they weren't needed and that Bambeck was on "an ego trip." Bambeck alleged that he worked "an enormous number of hours, including during the day," but when he presented his invoice for services, he was told "fat chance." When he persisted in trying to settle his bill with the parish, the parish had the police escort him from the grounds. He alleged that Father Carlin told him that the bishops were controlling the matter, but that the bishops told Bambeck that the invoice was solely Father Carlin's responsibility.
 {¶ 8} The court granted the motion to dismiss the Diocese and Bishops Pilla and Quinn on grounds that Bambeck had not contracted with them. The court found that "the parties and parish with which the plaintiff contracted services is a separate entity from the aforementioned defendants. There was no contract of service between the plaintiff and these said defendants." The court then cited to Mannix v. Purcell,[3] for the proposition that the Bishop of a Catholic Diocese does not hold title to church property, but rather holds it in trust. The individual parishes retain the legal name and beneficial interest in the property, and thus are legal entities which may be sued.
 {¶ 9} We fully agree with the court's analysis. The only allegations in Bambeck's complaint directly relating to the Diocese concerned Father Carlin telling him that "the bishops ordered him to follow the course they're on, including not paying me." Bambeck also alleged that "[t]he bishops, on the other hand, wrote me a letter through Bishop Quinn telling me it is solely the pastor's responsibility."[4]
 {¶ 10} Regardless what Father Carlin told Bambeck, the only allegation in the complaint relating to the Diocese is Bambeck's own statement that the Diocese told him that it was a parish matter. This statement is consistent with the law set forth inMannix. The law does not hold the Diocese accountable for the contractual debts of parishes under diocesan control.
 {¶ 11} Bambeck did not allege that the Diocese interfered with his contract with the parish, so any statements by Father Carlin relating to his conversations with Bishop Quinn were gratuitous, at best. Of course, those statements may be probative to show the parish's alleged breach of contract. Nevertheless, they do nothing to establish the Diocese's obligation to Bambeck.
 {¶ 12} Bambeck also complains of improprieties occurring at a case management conference at which the motion to dismiss was discussed. He claims that the court's staff attorney conducted the case management conference and, in effect, conducted a hearing on the motion to dismiss.
 {¶ 13} We are unable to address the substance of Bambeck's argument because the record does not exemplify his claim of error. The court did not record the case management conference in question. App.R. 16(A)(7) requires Bambeck to point to specific parts of the record to show the alleged error. Without such evidence, we must presume the regularity of the proceedings. We therefore find that the court did not err by granting the motion to dismiss the Diocese and Bishops Pilla and Quinn. Accordingly, Bambeck's second assigned error is overruled.
 Motion for Summary Judgment {¶ 14} Bambeck's first and third assigned errors will be addressed together because they both relate to the trial court's granting of summary judgment. In his first assigned error, Bambeck claims the trial court erred by granting Father Carlin's, Kevin Leigh's, and Lou Degross' joint motion for summary judgment as "unopposed." Bambeck claims the court's decision was erroneous because he did respond to the motion for summary judgment in a timely manner. Bambeck argues in his third assigned error that he was not given sufficient time in order to conduct discovery to oppose the motion for summary judgment.
 {¶ 15} We agree that Bambeck did file a motion in opposition. However, in reviewing a grant of summary judgment, the appellate court reviews the decision de novo, applying the same standard of review as that applied by the trial court.[5] In reviewing the decision de novo, we find that the trial court was correct in granting summary judgment in favor of Carlin, Leigh, and Degross, though we do so on different grounds.[6]
 {¶ 16} The party moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.[7] If the party requesting summary judgment presents evidence showing they are entitled to judgment as a matter of law, the nonmoving party must then present evidence showing a dispute of material fact.[8]
 {¶ 17} Our review indicates that Bambeck failed to present evidence that a genuine issue of material fact was in dispute. Bambeck admits in his affidavit that he was told by carnival committee chairman Kevin Leigh not to perform the work during the day if he expected to be paid for the day time work. Therefore, the parish effectively rescinded any agreement to pay Bambeck for the hours he worked during the day. In spite of this rescission, Bambeck proceeded to perform work during the day. His doing so, in spite of the parish's rescission, rendered him a volunteer not subject to payment. Accordingly, we affirm the trial court's decision to grant summary judgment, albeit on different grounds.
 {¶ 18} Bambeck also argues the trial court's sixty-day extension for discovery was insufficient for him to complete discovery prior to the deadline for filing his motion in opposition. However, Bambeck failed to move the court pursuant to Civ.R. 56(F) for an extension of time to obtain additional discovery prior to responding to the motion for summary judgment. Therefore, Bambeck's contention that the court did not provide adequate time for discovery in order to present evidence in opposition to the motion for summary judgment is without merit. Accordingly, Bambeck's first and third assigned errors are overruled.
 Temporary Restraining Order {¶ 19} In his fourth assigned error, Bambeck contends the trial court improperly granted the parish's restraining order, which prohibited Bambeck from entering the church property during the 2005 carnival.
 {¶ 20} We conclude that because the temporary restraining order has expired, there is no longer a controversy in dispute.[9] Therefore, Bambeck's argument relating to the temporary restraining order is moot. An appellate court is not required to render an advisory opinion on a moot question or abstract proposition or to rule on a question of law that cannot affect matters at issue in a case.[10] Accordingly, we overrule Bambeck's fourth assigned error as moot.[11]
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpinski, P.J., and Mary Eileen Kilbane, J., concur.
[1] O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus.
[2] State ex rel. Edwards v. Toledo City School Dist. Bd. ofEdn., 72 Ohio St.3d 106, 110, 1995-Ohio-251. In Butler v.Jordan, 92 Ohio St.3d 354, 2001-Ohio-204, fn.4, the Supreme Court stated "[a] review of a motion to dismiss pursuant to Civ.R. 12(B)(6) assumes all the allegations of the complaint to be true and is confined to the pleadings." (Emphasis added.) The use of the plural "pleadings" might suggest that an answer, as defined under Civ.R. 7(A) could be considered by the court when ruling on a Civ.R. 12(B)(6) motion to dismiss. Such a statement would clearly be contrary to the great weight of Supreme Court precedent, and we therefore believe the use of the word "pleadings" in that case to be a misnomer.
[3] (1888), 46 Ohio St. 102.
[4] Bambeck also stated, "Bishop Pilla is responsible as the property owner; it is his property I have to attach." This is not an allegation, but a legal conclusion. A court ruling on a Civ.R. 12(B)(6) motion to dismiss cannot consider anything other but allegations of fact, so we disregard this statement.
[5] Buyer's First Realty, Inc. v. Cleveland Area Bd. ofRealtors (2000), 139 Ohio App.3d 772, 785, citing Druso v. BankOne of Columbus (1997), 124 Ohio App.3d 125, 131.
[6] See State ex rel. Cassels v. Dayton City School Dist. Bd.of Edn. (1994), 69 Ohio St.3d 217, 222 (a reviewing court is not authorized to reverse a correct judgment simply because erroneous reasons have been assigned as the basis of the judgment).
[7] Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,370, 1998-Ohio-389.
[8] Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107.
[9] State ex rel. White, Mayor v. Kilbane Koch, Judge,96 Ohio St. 3d 395, 2002-Ohio-4848; Beta LaserMike, Inc. v.Swinchatt (March 10, 2000), 2nd Dist. No. 18059; In reLewis Children (Aug. 5, 1996), 5th Dist. No. 1995 CA 00339.
[10] State v. Bistricky (1990), 66 Ohio App.3d 395, 397.
[11] App.R. 12(A)(1)(c).