JOURNAL ENTRY AND OPINION
{¶ 1} In this accelerated appeal, appellant Richard Hamilton appeals the trial court's denial of his motion to withdraw his guilty plea. Hamilton assigns the following error for our review:
 "I. The trial court erred in overruling appellant's motion to vacate plea filed pursuant to Criminal Rule 32.1."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On November 24, 2004, the Cuyahoga County Grand Jury indicted Hamilton on one count of drug trafficking, with juvenile and one-year firearm specifications attached; one count of drug possession, with one-year firearm specification attached; and one count of possessing criminal tools. Hamilton pleaded not guilty at his arraignment. Thereafter, eleven pre-trial conferences were conducted.
 {¶ 4} On June 28, 2005, Hamilton reached a plea agreement with the State of Ohio. Pursuant to the plea agreement, the State amended count one of the indictment, and Hamilton pleaded guilty to drug trafficking with the one-year firearm specification deleted. In addition, the State dismissed the remaining two counts.
 {¶ 5} On July 28, 2005, the trial court sentenced Hamilton to two years in prison. On May 11, 2007, Hamilton filed a motion to withdraw or vacate his guilty plea. On June 14, 2007, after hearing, the trial court denied Hamilton's motion to withdraw his guilty plea. *Page 3 
 Plea Withdrawal {¶ 6} In the sole assigned error, Hamilton argues the trial court erred when it denied his motion to withdraw his guilty plea. We disagree.
 {¶ 7} Pursuant to Crim.R. 32.1, the trial court can set aside a judgment of conviction after it imposes sentence, and may allow the defendant to withdraw his or her plea, only "to correct a manifest injustice."[1] The individual seeking vacation of the plea bears the burden of establishing the existence of a "manifest injustice."[2]
 {¶ 8} "Manifest injustice" is an extremely high standard which permits the court to allow plea withdrawal only in "extraordinary cases."[3] A manifest injustice is defined as a "clear or openly unjust act."[4]
Other courts have referred to it as "an extraordinary and fundamental flaw in the plea proceeding."[5]
 {¶ 9} A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court and an appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a *Page 4 
determination of whether the trial court abused its discretion.[6] The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's decision is unreasonable, arbitrary or unconscionable.[7] Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed.[8]
 {¶ 10} In the instant case, Hamilton contends that the possibility of being deported, as a result of his guilty plea, amounts to a manifest injustice. We are not persuaded.
 {¶ 11} The record indicates that the following exchange took place when Hamilton pleaded guilty:
 "The Court: Are you an American citizen?
 The Defendant: No, sir.
 The Court: If you're not a citizen of the United States, you're hereby advised that conviction of the offense to which you are pleading guilty may have the consequences of deportation, exclusion from the admission to the U.S., or denial of naturalization pursuant to the laws of the United States. Do you understand that?
 The Defendant: Yes, sir. *Page 5 
 The Court: Okay. Are you satisfied with the representation received from your attorney, Mr. Shaughnessy?
 The Defendant: Yes, sir." Tr. at 6-7.
 "* * * *
 "The Court: Okay. Have any threats or promises been made to induce or force you to change your plea here today, other than what the State has put on the record that they are promising to dismiss the firearm specification on count one, and also to dismiss counts two and count three? Any other threats or promises been made?
 The Defendant: No, sir." Tr. at 11.
 {¶ 12} It is clear from the above colloquy of the plea hearing that Hamilton was aware that deportation was a collateral consequence of his plea. Hamilton also indicated that no promises were being made other than amending count one of the indictment and dismissing counts two and three. With the understanding that deportation was a collateral consequence, Hamilton still wanted to, and did, enter a plea of guilty to the amended charges.
 {¶ 13} Any consequence that results from actions taken by other government agencies, such as the INS, is collateral and beyond the authority of an Ohio court.[9] Deportation is not a direct consequence of a guilty plea, as it is not definite, *Page 6 
immediate, or automatic.[10] Deportation remains beyond the control and responsibility of the court in which that conviction was entered and it thus remains a collateral consequence thereof.[11]
 {¶ 14} Moreover, immigration matters will not surface until the court's sentence has been served.[12] Before a defendant can be deported, the INS must follow certain administrative procedures and must exercise its discretion to commence deportation proceedings.[13] These proceedings are wholly independent of the court that imposes sentence.[14] Deportation is a "purely civil action" separate and distinct from a criminal proceeding.[15]
 {¶ 15} After carefully reviewing the record, we find that Hamilton, before pleading guilty, knew and understood the charges against him and his rights under the law as well as the direct consequences of making the plea, including the possibility of deportation as a consequence of his guilty plea. As such, Hamilton *Page 7 
has not demonstrated that a manifest injustice has occurred, and therefore, failed to establish grounds for relief under Crim.R. 32.1. Consequently, we conclude that the trial court properly denied Hamilton's motion to withdraw his guilty plea.
 {¶ 16} Nonetheless, within his assigned error, Hamilton claims that his attorney was ineffective for failing to advise him of the possibility of deportation. We find this assertion without merit.
 {¶ 17} We review a claim of ineffective assistance of counsel under the two-part test set forth in Strickland v. Washington[16] UnderStrickland, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the lawyer's deficient performance.[17] To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different.[18] Judicial scrutiny of a lawyer's performance must be highly deferential.[19] *Page 8 
 {¶ 18} The duty to notify a defendant of the potential for deportation belongs to the trial court, not counsel.[20] Here, as previously discussed, the trial court fulfilled its obligation by clearly informing Hamilton that deportation was a possible consequence of his plea. Consequently, Hamilton has not demonstrated any prejudice to himself as a result of counsel's alleged failure to notify him of the possibility of deportation.
 {¶ 19} Hamilton also asserts within this assigned error that his counsel was ineffective for failing to file a motion to suppress. Again, we find Hamilton's assertion to be without merit.
 {¶ 20} At the hearing on the motion to withdraw his plea, Hamilton asserted that in the underlying case, his consent to a search of his residence was coerced. Hamilton specifically testified about the procedure, as follows:
 "Q. At some point did they ask you to sign something?
 A. Yes.
 Q. And tell the judge how — what was the procedure for them to try to get you to sign something, what did they do?
 A. Well, they told me the narcotics is on the way.
 Q. Okay. *Page 9 
 A. So if we don't sign they gone beat your butt and tear your house up. [sic] Then they stress me about my daughter say, I'm gon' call child services to take the kid, come take the kid, you won't see her no more."[21]
 {¶ 21} Hamilton now argues that defense counsel's failure to file a motion to suppress denied him the effective assistance of counsel. We are not persuaded.
 {¶ 22} In general, trial counsel's failure to file a motion to suppress does not per se constitute ineffective assistance of counsel.[22]
 {¶ 23} A criminal defendant asserting a claim of ineffective assistance on this basis must show that the failure to file the motion to suppress caused him or her prejudice.[23] There is a strong presumption that a licensed attorney is competent and that the challenged action reflects sound trial strategy within the range of reasonable professional assistance.[24]
 {¶ 24} In the underlying case, on July 8, 2004, Cuyahoga County Sheriff Deputies were executing a search warrant for a fugitive named Mark Little. When the deputies knocked on the front door, Hamilton attempted to run out the back door, *Page 10 
but the deputies stopped him to ascertain his identity. In the process, the deputies smelled marijuana, and asked Hamilton for a consent to search. Hamilton signed the consent form, which he argues was obtained through coercion. The deputies found seven pounds of marijuana in Hamilton's residence.
 {¶ 25} A warrantless search is per se unreasonable under the Fourth Amendment, "subject only to a few specifically established and well-delineated exceptions."[25] A voluntary consent to the search is one such exception.[26] A meritorious Fourth Amendment issue is necessary to the success of a Sixth Amendment claim for ineffective assistance of counsel.[27]
 {¶ 26} Here, notwithstanding Hamilton's assertions to the contrary, the record before us includes a voluntary consent to search form. It is conceivable that trial counsel thought a motion to suppress would not be granted, and thus focused on negotiating a plea agreement, which the record reveals Hamilton found favorable. Hamilton testified as follows about the plea agreement:
 "Q. Okay. And you did tell Mr. Shaughnessy your concerns about the voluntariness of your signing the consent form? *Page 11 
 A. Yes.
 Q. And you did receive a plea bargain, correct?
 A. Yeah.
 Q. At the time that you took this plea bargain did you think this was a favorable plea bargain?
 A. Yeah, I thought — probation, yeah.
 "* * * *
 Q. As originally indicted it was a mandatory prison term, correct?
 A. I didn't know.
 Q. But you understood that what you were pleading to you could conceivably get probation?
 A. Exactly.
 Q. And, Mr. Hamilton, it is true that you filed this motion to vacate after you discovered that you were possibly going to be deported?
 A. Yes."[28]
 {¶ 27} In the instant case, as originally indicted, Hamilton was facing a mandatory prison term of two to eight years in jail. Pursuant to the plea agreement, the mandatory prison term was deleted; therefore, it was conceivable that Hamilton *Page 12 
could have received probation by pleading guilty to the amended charge. It is also clear from the above colloquy that Hamilton was pleased with the agreement.
 {¶ 28} Under the circumstances, we find that defense counsel's decision to effect a plea agreement instead of filing a motion to suppress was a viable tactical decision. As such, trial counsel's actions fell within the wide range of reasonable professional assistance.
 {¶ 29} We conclude that the trial court fulfilled its duties and obligation to advise Hamilton that he faced the possibility of being deported after completing his sentence. We also conclude that Hamilton knowingly and voluntarily entered his plea. Further, we glean from the record that Hamilton's sole motivation for now asserting ineffective assistance of counsel, within the ambit of a motion to withdraw his guilty plea, is to avoid deportation. The trial court's denial of Hamilton's motion to withdraw his plea does not constitute an abuse of discretion. Accordingly, we overrule Hamilton's sole assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 13 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] State v. Bell, Cuyahoga App. No. 87727, 2007-Ohio-3276, citingState v. Smith (1977), 49 Ohio St.2d 261, 264.
[2] Id., paragraph one of syllabus.
[3] State v. Herrera, 3rd Dist. No. 1-01-126, 2001-Ohio-2341.
[4] State ex rel. Schneider v. Kreiner, 83 Ohio St.3d 203, 208,1998-Ohio-271.
[5] State v. Lintner, 7th Dist. No. 732, 2001-Ohio-3360; State v. Wheeler, 2nd Dist. No. 18717, 2002-Ohio-284.
[6] State v. Blatnik (1984), 17 Ohio App.3d 201, 202.
[7] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[8] State v. Xie (1992), 62 Ohio St.3d 521, 527.
[9] State v. Chantha Yun, 10th Dist. No. 04AP-494,2005-Ohio-1523.
[10] Id., citing U.S. v. Banda (C.A.5, 1993), 1 F.3d 354, 356;Varela v. Kaiser (C.A.10, 1992), 976 F.2d 1357, 1358.
[11] U.S. v. Amador-Leal (C.A.9, 2002), 276 F.3d 511, 516.
[12] State v. Chantha Yun, 10th Dist. No. 04AP-494,2005-Ohio-1523.
[13] Id.
[14] Id.
[15] I.N.S. v. Lopez-Mendoza (1984), 468 U.S. 1032, 1038,104 S.Ct. 3479, 3483, 82 L. Ed.2d 778.
[16] (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052.
[17] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph one of syllabus.
[18] Id. at paragraph two of syllabus.
[19] State v. Sallie (1998), 81 Ohio St.3d 673, 674.
[20] State v. Sok, 170 Ohio App.3d 777, 2007-Ohio-729. See also,State v. Bulgakov, 6th Dist. No. WD-03-096, 2005-Ohio-1675; State v.Garcia (Apr. 9, 1999), 3rd Dist. No. 4-98-24.
[21] Tr. at 24, Hearing on Motion to Vacate.
[22] State v. Beasley (Nov. 8, 2001), Cuyahoga App. No. 79126. See also Kimmelman v. Morrison (1986), 477 U.S. 365, 384, 91 L.Ed.2d 305,106 S.Ct. 2574; State v. Nields (2001), 93 Ohio St.3d 6, 46-47.
[23] State v. Robinson (1996), 108 Ohio App.3d 428, 433.
[24] Bradley, 42 Ohio St.3d at 142.
[25] State v. Moncrease (Apr. 13, 2000), Cuyahoga App. Nos. 76145, 76146, 76147, citing Katz v. United States (1967), 389 U.S. 347, 357,19 L.Ed.2d 576, 585, 88 S.Ct. 507, 514.
[26] Id., citing State v. Sneed (1992), 63 Ohio St.3d 3, 6-7, certiorari denied (1993), 507 U.S. 983, 113 S.Ct. 1577, 123 L.Ed.2d 145
(citing Schneckloth v. Bustamonte (1973), 412 U.S. 218, 219,93 S.Ct. 2041, 2043-2044, 36 L.Ed.2d 854, 858).
[27] Kimmelman v. Morrison, 477 U.S. at 382.
[28] Tr. at 39-40, Hearing on Motion to Vacate. *Page 1