JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Michael Harris (Harris) appeals the trial court's denial of his motion to withdraw his guilty plea. For the foregoing reasons, we affirm.
 {¶ 2} On November 2, 2006, a Cuyahoga County Grand Jury indicted Harris with the following five counts: two counts of drug trafficking in crack cocaine, each with one-and three-year firearm specifications attached; two counts of possession of drugs, namely, crack cocaine, with a one-year firearm specification attached on one count; and lastly, one count of carrying a concealed weapon.
 {¶ 3} On November 30, 2006, Harris pleaded guilty to the following: one count of drug trafficking with a one-year firearm specification attached (the three-year firearm specification nolled); and carrying a concealed weapon. The trial court nolled the remaining counts.
 {¶ 4} Thereafter, the trial court sentenced Harris to one and one-half years of imprisonment as follows: one year of imprisonment for the firearm specification, to run prior and consecutive to the remaining sentence; six months of imprisonment for drug trafficking; and six months of imprisonment for carrying a concealed weapon, to be served concurrently to each other.
 {¶ 5} On December 21, 2006, Harris filed a notice of appeal, which was dismissed. State v. Harris (Jan. 10, 2007), Cuyahoga App. No. 89186. {¶ 6} On May 1, 2007, Harris filed the following motions, pro se, with the trial court: motion to withdraw his guilty plea; motion to vacate and set aside his *Page 4 
sentence; and motion to vacate order requiring payment of court costs, fines and/or restitution. The trial court denied all three motions. {¶ 7} On May 24, 2007, Harris filed a notice of appeal and asserted the following assignment of error with the assistance of counsel:
 "The lower court abused its discretion when it denied appellant's post-sentence request to withdraw his guilty plea."
 {¶ 8} Harris argues that the trial court abused its discretion when it denied his postsentence motion to withdraw his plea.
 {¶ 9} We review postsentence motions to withdraw pleas upon an abuse of discretion standard. State v. Smith (1977), 49 Ohio St.2d 261. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 10} Crim.R. 32.1 reads as follows:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 11} Thus, Harris must demonstrate the existence of a manifest injustice.
 "Manifest injustice is an extremely high standard which permits the court to allow plea withdrawal only in extraordinary cases. A manifest injustice is defined as a clear or openly unjust act. Other courts have referred to it as an extraordinary and fundamental flaw *Page 5 in the plea proceeding." State v. Hamilton, Cuyahoga App. No. 90141, 2008-Ohio-455. (Internal citations omitted.)
 {¶ 12} Harris argues that the trial court erred when it failed to state in its journal entry denying his motion whether it considered the allegations set forth in his motion. However, Harris fails to cite to any authorities or statutes requiring trial courts to journalize considerations when ruling on a motion to withdraw a plea. Pursuant to App.R. 16(A)(7), Harris is required to include in his brief:
 "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes and parts of the record on which appellant relies." (Emphasis added.)
 {¶ 13} Thus, Harris' argument regarding the trial court's journal entry lacks merit.
 {¶ 14} Harris also argues that the trial court abused its discretion for failing to provide him with an evidentiary hearing prior to ruling on the motion.
 "A trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. But, a hearing on a post-sentence motion to withdraw a plea is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn." State v. Mays, Cuyahoga App. No. 89362, 2008-Ohio-128. (Internal citations omitted.) *Page 6 
 {¶ 15} Harris argued the following in his motion to withdraw his plea: first, that his counsel promised him eighteen months of imprisonment pursuant to the plea agreement; second, that there lacked evidence against him because the events were not captured on video camera and there were no eyewitnesses; and lastly, that his counsel advised him that he should plead guilty because he is African-American and his case is a drug related case.
 {¶ 16} Notably, Harris was sentenced to eighteen months of imprisonment as defense counsel negotiated. As such, his argument regarding prison terms lacks merit. Regarding Harris' contention of lack of evidence, Harris fails to cite to any authority or statute requiring video or eyewitnesses to the incident and thus, lacks merit. See App.R. 16(A)(7). On a final note, Harris' argument regarding counsel's advice also lacks merit because Harris failed to include the transcript or record in support thereof. See App.R. 16(A). "App.R. 16(A)(7) requires [appellant] * * * to point to specific parts of the record to show the alleged error. Without such evidence, we must presume the regularity of the proceedings." Bambek v. Catholic Diocese of Cleveland, Cuyahoga App. No. 86894, 2006-Ohio-4883.
 {¶ 17} Thus, the trial court did not abuse its discretion in denying Harris' motion to withdraw his plea.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR. *Page 1