JOURNAL ENTRY AND OPINION *Page 3 
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this Court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct. Prac.R. II, Section 2(A)(1).
 {¶ 1} Defendant-appellant, Antione Talley ("defendant"), appeals from a conviction in the Cuyahoga County Court of Common Pleas. For the following reasons, we affirm in part, vacate in part, and remand for resentencing.
 {¶ 2} On the evening of November 6, 2006, Officer John Lally ("Officer Lally") and Patrolman Ryan Fankhauser ("Ptrl. Fankhauser") of the RTA Police Department observed the defendant and A.S., [1] a juvenile female, passing a cigarette back and forth. The officers became suspicious that the two were engaged in illegal drug activity and decided to investigate. As the officers approached the two individuals, they smelled a strong chemical odor, which they recognized as PCP. They also observed that the two individuals were sweating, nervous and agitated, using garbled and repetitive speech, and that A.S. was trying to hide the cigarette.
 {¶ 3} Ptrl. Fankhauser confiscated the Newport cigarette from A.S. and saw that the filter had been removed and that it was "wet" with what he suspected was PCP. Ptrl. Fankhauser asked the individuals for identification. A.S. did not have any identification and gave the officers several different names and ages. She eventually told the officers her real name and that she was 16 years old. The defendant reached for his wallet and, at the same time, threw a vial of PCP into the bushes behind him. Ptrl. Fankhauser immediately recovered the bottle and arrested both parties. The officers searched the defendant and found $57 and a pack of Newport *Page 4 
cigarettes. A subsequent investigation revealed that A.S. was, in fact, 16 years old and she was released to her mother.
 {¶ 4} On February 20, 2007, defendant was charged with one count of drug trafficking in violation of R.C. 2925.03, one count of drug possession in violation of R.C. 2925.11, and one count of corrupting another with drugs in violation of R.C. 2925.02. Defendant pled not guilty and the case proceeded to a jury trial.
 {¶ 5} At trial, A.S. testified that she admitted to drug possession and falsification in Juvenile Court for her part in these events. She testified that she did not know the defendant prior to that evening and that he did not smoke the cigarette and did not provide her with the PCP. She testified that the vial of PCP was hers and that she threw it in the bushes, not the defendant. She testified that the defendant merely approached her and sat next to her as she was smoking the cigarette. She stated that the police officers were lying when (1) they testified that the two were sharing a cigarette and (2) Ptrl. Fankhauser testified that he saw the defendant throw the vial of PCP in the bushes.
 {¶ 6} The trial court found defendant guilty of all three counts and sentenced him to two years in prison. Defendant timely appeals and asserts four assignments of error for our review which shall be addressed together where appropriate.
 {¶ 7} "I. The trial court erred when it admitted the hearsay testimony of the RTA officers relating to the age of the juvenile." *Page 5 
 {¶ 8} "II. The trial court erred when it denied the defendant-appellant's Crim.R. 29(A) motion for acquittal on the charge of corrupting another with drugs, ORC 2925.02."
 {¶ 9} In these assignments of error, defendant argues that his case was unfairly prejudiced when the trial court improperly allowed Officer Lally and Ptrl. Fankhauser to testify that A.S. told them she was 16 years old. Defendant claims that without this testimony, there was insufficient evidence to support his conviction for corrupting another with drugs, since the State failed to provide any other evidence with regard to A.S.'s age.
 {¶ 10} As an initial matter, we note that defendant did not object to the testimony of the police officers. In general, the failure to object to an error in a criminal proceeding results in the waiver of the issue on appeal. Goldfuss v. Davidson, 79 Ohio St.3d 116, 121, 1997-Ohio-401. An appellate court may recognize waived error only if it rises to the level of plain error. Id. Plain error does not exist unless, but for the error, the outcome of the trial would clearly have been different.State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68.
 {¶ 11} Here, the testimony from the officers regarding A.S.'s age was hearsay that did not fit any of the exceptions found in Evid.R. 803 and 804. Rather, it was offered to assert the truth of the matter, to wit: A.S. was a 16-year-old juvenile at the time of the offense. Here, the State was relying on the officers' testimonies to show that defendant was guilty of corrupting another with drugs in violation of R.C. *Page 6 2925.02(A)(4)(a), which prohibits a person from "knowingly *** furnish[ing] or administer[ing] a controlled substance to a juvenile who is at least two years the offender's junior, when the offender knows the age of the juvenile or is reckless in that regard." Under R.C.2925.01(N), a "`Juvenile' means a person under 18 years of age." We find that this testimony was improperly allowed and that defendant was prejudiced by its admittance. The State failed to present any other evidence, such as A.S.'s juvenile record, during its case-in-chief that A.S. was a juvenile or two years younger than the defendant at the time of the offense.
 {¶ 12} Crim.R. 29 governs motions for acquittal. Subsection (A) states the following: "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 13} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261: "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *Page 7 
 {¶ 14} Given the improper nature of the officers' testimonies and the fact that no other evidence was offered to prove this element, we find the State failed in its burden to support the R.C. 2925.02(4)(a) charge in its case-in-chief, and the Crim.R. 29 motion should have been granted. We find no evidence of A.S.'s age that would support a charge under R.C. 2925.02(4)(a).
 {¶ 15} Accordingly, defendant has satisfied his burden that the outcome of the trial would have been different had the testimony of the officers not been admitted and the trial court erred in denying defendant's Crim.R. 29 motion for acquittal on the corrupting another with drugs charge. Defendant's conviction for corrupting another with drugs is vacated and the matter is remanded for resentencing.
 {¶ 16} Assignments of Error I and II are sustained.
 {¶ 17} "III. The trial court erred when it convicted defendant-appellant of drug possession, drug trafficking, and corrupting another with drugs because the verdict was against the manifest weight of the evidence."
 {¶ 18} In his third assignment of error, defendant argues that his convictions for drug possession, drug trafficking and corrupting another with drugs are against the manifest weight of the evidence. Given our resolution of Assignment of Error I and II, that it was plain error to allow the hearsay testimony of the officers and that there was insufficient evidence to support defendant's conviction for corrupting another with drugs, we shall only address the weight of the evidence as it relates to the charges of drug possession and drug trafficking. *Page 8 
 {¶ 19} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v. Thompkins, supra at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387.
 {¶ 20} Possession of drugs is defined by R.C. 2925.11 and provides that "No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 21} Trafficking in drugs is defined by R.C. 2925.03 and provides that "No person shall knowingly sell or offer to sell a controlled substance."
 {¶ 22} Here, the jury heard Officer Lally and Ptrl. Fankhauser testify that they saw the defendant smoking and sharing a PCP laced cigarette with A.S., a juvenile female. The jury also heard Ptrl. Fankhauser testify that he saw the defendant reach into his back pocket and throw a vial of PCP into the bushes behind him. Both police officers testified that, based on their training and experience, the amount of the PCP located in the vial, combined with the cigarettes and cash in the defendant's *Page 9 
possession, was indicative of drug trafficking.[2] Although the defense presented testimony from A.S. that defendant did not sell her the PCP cigarette and did not share it with her, the jury, as trier of fact, was free to accept or reject any and all of the evidence offered by the defendant and assess A.S.'s credibility. Here, the jury apparently found the officers to be credible.
 {¶ 23} Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in finding defendant guilty of drug possession and drug trafficking. We find there to be substantial, competent, and credible evidence upon which the jury could base its decision that defendant knowingly possessed and used a controlled substance (to wit: a PCP laced cigarette) and knowingly sold and furnished a controlled substance (to wit: a PCP laced cigarette) to another.
 {¶ 24} Assignment of Error III is overruled.
 {¶ 25} "IV. Appellant was denied effective assistance of counsel in violation of his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 26} In his fourth assignment of error, defendant argues that he was denied his constitutional right to effective assistance of counsel.
 {¶ 27} In order for this Court to reverse a conviction on the grounds of ineffective assistance of counsel, we must find that (1) counsel's performance was *Page 10 
deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v.Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation.State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
 {¶ 28} Defendant first argues that his trial counsel performed deficiently by failing to file a motion to suppress the vial containing PCP, the PCP laced cigarette and the cash prior to trial. This Court has previously held that failing to file a motion to suppress does not constitute ineffective assistance of counsel, per se. See State v.Weatherspoon, Cuyahoga App. No. 89996, 2008-Ohio-2345; State v.Hamilton, Cuyahoga App. No. 90141, 2008-Ohio-455. Rather, to establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question. See State v. Weatherspoon, supra. Here, defendant has advanced no legal argument supporting his contention that his trial counsel should have filed a motion to suppress, and our own review of the record reveals no evidence indicating that a motion to suppress would have had any reasonable probability of success. Accordingly, defendant cannot show prejudice from trial counsel's allegedly ineffective performance. *Page 11 
 {¶ 29} Next, defendant argues that his trial counsel performed deficiently by failing to object when Officer Lally and Ptrl. Fankhauser testified that A.S. told them she was 16 years old. In Assignment of Error I, we held that defendant was prejudiced by the admission of this testimony and vacated defendant's conviction for corrupting another with drugs.
 {¶ 30} Defendant's fourth assignment of error is overruled.
 {¶ 31} Judgment affirmed in part, vacated in part and remanded for resentencing.
It is ordered that appellant and appellee shall each pay their respective costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and MARY J. BOYLE, J., CONCUR
[1] The parties are referred to herein by their initials or title in accordance with this Court's established policy regarding non-disclosure of identities of juveniles.
[2] Tr. 190, 198. *Page 1