[Cite as *Strongsville v. Wheeler*, 2013-Ohio-1554.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98757

---

# CITY OF STRONGSVILLE

### PLAINTIFF-APPELLEE

vs.

# EUGENE W. WHEELER, JR.

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Berea Municipal Court
Case No. 12 TRD 02913

**BEFORE:** Kilbane, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** April 18, 2013

**APPELLANT**

Eugene W. Wheeler, Jr., pro se
1296 Riverwoods Drive
Hinckley, Ohio 44233

**ATTORNEY FOR APPELLEE**

George F. Lonjak
City of Strongsville Prosecutor
614 Superior Avenue
Suite 1310
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Eugene W. Wheeler, Jr. ("Wheeler"), pro se, appeals his speeding conviction following a bench trial in Berea Municipal Court. For the reasons set forth below, we affirm.

{¶2} On May 25, 2012, Wheeler was issued a citation for traveling at a speed of 73 m.p.h. in a 60 m.p.h. zone. Wheeler pled not guilty at his arraignment. The matter proceeded to a bench trial on June 22, 2012, at which the trial court found Wheeler guilty of speeding. The trial court fined him $50, plus court costs, and stayed the imposition of his sentence pending appeal.

{¶3} Wheeler now appeals, raising the following three assignments of error for review.

Assignment of Error One

The trial court erred and case should have been dismissed due to 5th amendment due process of law rights, 6th amendment right to a speedy trial, and O.R.C. 2945.71(A).

Assignment of Error Two

Trial court erred in proceeding with an errand trial against an objection and judicial notice to dismiss due to violation of right to speedy trial which was compromised as evidenced by the Berea Municipal Court Rule 8 governing time frame requests for all motions and continuances.

Assignment of Error Three

The trial court erred by not dismissing this case immediately upon the violation of appellant's 5th amendment due process of law rights. For which an argument can also be made that not only was the availability to use the judicial procedures according to the time constraints imposed by an appearance date so close to the ending date for a speedy trial were compromised, it appears the electronic posting of the Administrative Order Rules of Berea Municipal Court although "It is so ordered" neither Judge Mark A. Comstock nor the Clerk of Court Raymond J. Wohl have officially signed the electronically posted Berea's Court Rules, which is in accordance with Berea Rule 14 A, B, and O.R.C. 1306.06 Electronic record or signature satisfies legal requirements. So we can assume all records electronically must have an electronic signature to be valid and enforceable.

{¶4} Within these assigned errors, Wheeler essentially argues his due process rights and speedy trial rights were violated. Wheeler first argues his due process rights were violated because the citing officer, as opposed to someone "in the judiciary or a clerk of court," signed the summons in his citation. Wheeler's argument is misguided.

{¶5} In Ohio traffic cases, "the complaint and summons shall be the 'Ohio Uniform Traffic Ticket.'" Traf.R. 3(A). The issuing authority for tickets may be the law enforcement agency of the municipality. *Id.* at 3(D). "If the issuing officer personally serves a copy of the completed ticket on the defendant, the issuing officer shall note the date of personal service on the ticket in the space provided." *Id.* at (E)(1).

{¶6} In the instant case, the issuing officer cited Wheeler for traveling in excess of the posted speed limit. The officer personally served a copy of the completed ticket on Wheeler, and noted the date of personal service (May 25, 2012) and the summons date (June 20, 2012) in the spaces provided on the ticket. Based on the foregoing, the summons was properly served on Wheeler.

**{¶7}** Wheeler next argues that his right to speedy trial was violated because his trial was set two days after his arraignment, which "gave him no time for discovery."

**{¶8}** Wheeler was charged with a minor misdemeanor under R.C. 4511.21. According to R.C. 2945.71(A), "a person against whom a charge * * * of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons."

**{¶9}** Here, Wheeler did not waive his right to speedy trial, but he claims that under R.C. 2945.72(H), the trial court should have continued his trial to allow him more than two days to prepare for trial.[1] Based on the record before us, Wheeler's speedy trial rights would have been violated if his trial was held outside the 30-day time frame commencing on May 25, 2012 (the date of personal service).[2] Here, Wheeler proceeded to trial on June 22, 2012, which was within the 30-day time frame. As a result, his right to speedy trial was not violated.

**{¶10}** Accordingly the first, second, and third assignments of error are overruled.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

---

[1]R.C. 2945.72(H) provides that: "[t]he time within which an accused must be brought to trial * * * may be extended only by * * * [t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"

[2]We note that Wheeler failed to include the transcript of the proceedings as required by App.R. 9(A), or an acceptable alternative as required by App.R. 9. "Without such evidence, we must presume the regularity of the proceedings." *Bambeck v. Catholic Dioceses of Cleveland*, 8th Dist. No. 86894, 2006-Ohio-4883.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR