[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 395.]

THE STATE EX REL. WHITE, MAYOR, ET AL., APPELLANTS, *v.* KILBANE KOCH, JUDGE, APPELLEE.

[Cite as *State ex rel. White v. Kilbane Koch*, 2002-Ohio-4848.]

*Mandamus and prohibition sought to prevent common pleas court judge from issuing, enforcing, or taking any further action concerning a restraining order she issued enjoining the Mayor of the city of Cleveland and his staff from using taxpayer funds to communicate with the public regarding the issue of city council raises—Complaint dismissed by court of appeals— Appeal to Supreme Court dismissed as moot.*

(No. 2001-2079—Submitted June 26, 2002—Decided October 2, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 80426, 2001-Ohio-4144.

_____

**Per Curiam.**

{¶1} On December 20, 1984, the Cleveland City Council passed an ordinance codified at Section 173.07 of the Codified Ordinances of Cleveland, which provided an automatic six-percent annual pay increase for city council members.  Section 173.06(b) of the Codified Ordinances provides that the annual salary of the Mayor of Cleveland shall be increased in 1995 and each year thereafter "by an amount which shall be computed by applying the percentage of the immediately preceding year's salary that is equal to the percentage increases in salaries and wages established for that year in a majority of the collective bargaining agreements between the City and the various unions recognized by the City."

{¶2} On February 14, 2000, the council president introduced proposed Ordinance 218-2000, which, if enacted, would have revoked the automatic six-

percent annual salary increases for council members and set annual salary increases for council members based on the same formula used for the mayor. Appellant Michael White, the Cleveland mayor at that time, supported Ordinance No. 218-2000.

{¶3} By letters dated October 3, 2001, Mayor White advised registered voters of Cleveland that he opposed the council's automatic six-percent annual salary increases and supported Ordinance 218-2000 to revoke those increases. In his October 3, 2001 letters, Mayor White stated, "Now that the voters of the City of Cleveland have defined a slate of candidates for the November Council and Mayoral elections, I believe it is time for everyone in our City who is concerned with good government to examine an extremely important issue." Appellants, Mayor White, his secretary, Cara Watts, and his assistant, Jason Woods, caused the letters to be prepared and mailed. The cost to prepare and mail the letters and accompanying documents was covered by the mayor's office budget.

{¶4} On October 22, 2001, 14 Cleveland Council members filed a complaint in the Cuyahoga County Court of Common Pleas against White, Watts, Woods, and other members of the mayor's office staff involved in the compilation and mailing of the October 3, 2001 letters to Cleveland voters. The council members requested injunctive relief preventing appellants and Mayor White's staff from distributing the October 3, 2001 letters at taxpayer expense. The council members also requested an order commanding appellants to retrieve each mailing and to compensate the city treasurer for the over $1,500,000 in taxpayer money used to prepare and mail the October 3, 2001 letters and accompanying documents.

{¶5} At an October 26, 2001 hearing held on the complaint, three council members testified that the letters were "political submissions" that defamed them and that the letters were prepared and mailed at taxpayer expense in contravention of the city charter. Appellee, Judge Judith Kilbane Koch of the common pleas court, granted a temporary restraining order that same day enjoining Mayor White,

Watts, and Woods, as well as the mayor's other staff, "from using taxpayer funds to communicate w/ the public regarding the issue of City Council's raises."

{¶6} On October 30, 2001, Mayor White, Watts, and Woods filed a complaint in the Court of Appeals for Cuyahoga County for writs of mandamus and prohibition to prevent Judge Kilbane Koch from issuing, enforcing, or taking any further action concerning the temporary restraining order. Appellants alleged that the temporary restraining order prevented Mayor White "from effectively addressing the public, fiscal and governmental issues raised by City Council's automatic 6% pay raise." Appellants claimed that the temporary restraining order constituted an unconstitutional prior restraint on Mayor White's right to free speech. Judge Kilbane Koch moved to dismiss appellants' complaint.

{¶7} On November 5, 2001, the court of appeals granted Judge Kilbane Koch's motion and dismissed the mandamus and prohibition action. On November 26, 2001, appellants appealed the judgment of the court of appeals. On December 19, 2001, this court granted appellants' motion for a stay of the temporary restraining order and the scheduled hearing on preliminary injunction pending appeal. *State ex rel. White v. Kilbane Koch* (2001), 94 Ohio St.3d 1409, 759 N.E.2d 786.

{¶8} According to the parties' briefs, the city council subsequently passed Ordinance 85-02, effective January 1, *2006*, which repeals the automatic six-percent annual salary increase for council members that had prompted Mayor White's October 3, 2001 mailings. On January 7, 2002, White's term of office as Cleveland mayor expired. On January 8, 2002, the Chief Justice denied affidavits of disqualification filed by appellants against Judge Kilbane Koch in the common pleas court case. Appellants, however, do not dispute Judge Kilbane Koch's assertion that on January 15, 2002, she voluntarily recused herself from further proceedings in the common pleas court actions in order to avoid any appearance of

impropriety. The common pleas court case has now been assigned to a different judge.

{¶9} This cause is now before the court on appellants' appeal from the November 5, 2001 court of appeals judgment dismissing their action for writs of mandamus and prohibition.

{¶10} Appellants assert that the court of appeals erred in dismissing their mandamus and prohibition action. But, as Judge Kilbane Koch persuasively argues, we need not reach the merits of these claims because this appeal is moot.

{¶11} As Judge Kilbane Koch notes, "this appeal from the appellate court's refusal to intervene ultimately involves the former mayor's challenge to the recused judge's order that temporarily restrained spending more public money on mailings concerning a now-repealed city ordinance for the purpose of influencing an election that has already passed." The opening paragraph of the October 3, 2001 mailings evinces a manifest intent on the part of Mayor White to influence the November 2001 city council election, but that election has now passed. "When the election has passed, as it has here, the action for extraordinary relief or an appeal from a judgment in the extraordinary-writ action is moot." *State ex rel. Hills Communities, Inc. v. Clermont Cty. Bd. of Elections* (2001), 91 Ohio St.3d 465, 468, 746 N.E.2d 1115. And because White is no longer mayor, he can no longer use public funds appropriated for the mayor's office to pay for these or comparable mailings.

{¶12} Appellants nevertheless contend that although Judge Kilbane Koch's mootness claim might "have some colorable appeal," this case falls within two exceptions to the mootness doctrine.

{¶13} Appellants initially assert that this appeal is not moot because it is capable of repetition yet evading review. "This exception applies when the challenged action is too short in duration to be fully litigated before its cessation or expiration, and there is a reasonable expectation that the same complaining party

will be subject to the same action again." *State ex rel. Dispatch Printing Co. v. Louden* (2001), 91 Ohio St.3d 61, 64, 741 N.E.2d 517.

**{¶14}** Neither of these factors is present here. Injunctions preventing the expenditure of public funds to finance mailings by a mayor are not always so ephemeral that they cannot be fully litigated before cessation. Cf. *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182. And the mayor challenging such an order would not always leave office before an appellate resolution concerning the legality of the order is completed. Because White has now left office, there is no reasonable expectation that he will be subjected to a comparable restraining order again.

**{¶15}** The cases appellants cite in support of their argument that this appeal is capable of repetition, yet evading review, do not require a contrary conclusion. Unlike those cases, this appeal does not involve the exclusion of a nonparty to a judicial proceeding. See *Louden*, 91 Ohio St.3d at 64, 741 N.E.2d 517; *State ex rel. The Repository, Div. of Thompson Newspapers, Inc. v. Unger* (1986), 28 Ohio St.3d 418, 28 OBR 472, 504 N.E.2d 37.

**{¶16}** Appellants next assert that this appeal is not moot because it is of great public or general interest, raising substantial constitutional questions. "Although a case may be moot with respect to one of the litigants, this court may hear the appeal where there remains a debatable constitutional question to resolve, or where the matter appealed is one of great public or general interest." *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 30 OBR 33, 505 N.E.2d 966, paragraph one of the syllabus; *Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist.* (1995), 73 Ohio St.3d 590, 598, 653 N.E.2d 646.

**{¶17}** This case does not raise a matter of sufficient public or general interest to warrant invoking this exception to the mootness doctrine. Restricting public funding of governmental mailings is not a blanket restriction on any speech by the governmental official involved, e.g., the mayor. See *Carter v. Las Cruces*

(1996), 121 N.M. 580, 583, 915 P.2d 336, and cases cited therein ("a number of judicial authorities, although resting their holdings on other grounds, such as state law, find support in the constitution for the general proposition that, at some threshold level, a public entity must refrain from spending public funds to promote a partisan position during an election campaign"). And at least one treatise has noted that the issue of the propriety of the government's reliance on the First Amendment to advance messages favorable to the government is a "more rare problem." 4 Rotunda & Nowak, Treatise on Constitutional Law: Substance and Procedure (3d Ed.1999) 278, Section 20.11. Furthermore, to the extent that appellants seek extraordinary relief in mandamus to prevent enforcement of the temporary restraining order, their claim is not cognizable in mandamus. See *State ex rel. Cunningham v. Amer Cunningham Co., L.P.A.* (2002), 94 Ohio St.3d 323, 324, 762 N.E.2d 1012.

{¶18} Accordingly, we dismiss this appeal as moot. Our conclusion comports with our well-settled precedent that we will not indulge in advisory opinions. *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 238, 242, 736 N.E.2d 893; *Egan v. Natl. Distillers & Chem. Corp.* (1986), 25 Ohio St.3d 176, 25 OBR 243, 495 N.E.2d 904, syllabus.

Appeal dismissed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

―――――――――

**DOUGLAS, J., dissenting.**

{¶19} I respectfully dissent from the majority opinion. While I do not have any basic disagreement with the majority opinion, I nevertheless dissent because I do not believe that the opinion does what should be done with this case. We should terminate the underlying litigation and give the case the decent burial it deserves.

{¶20} I understand and concede that the matter before us directly involves only the temporary restraining order issued by the trial court. There are, however, other issues peripherally raised that we could comment on and on the basis of which we could conclude that the underlying case should also be dismissed. The issues involving free speech and a mayor's right to communicate with his constituents should not be ignored, and the election involved has come and gone, the mayor is no longer in office, and the republic has, somehow, survived. The citizens of Cleveland should be spared the expense that will occur with further litigation, which, in the end, is doomed to be found not well taken. We should see to it that no further time, effort, or expense is wasted. As part of our entry, I would dismiss the underlying case.

_____

Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P.A., Anthony J. Garofoli, David M. Cuppage and Scott D. Simpkins, for appellants.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee.

_____