OPINION
{¶ 1} This action in prohibition is presently before this court for consideration of the motion to dismiss of respondent, Judge Paul H. Mitrovich of the Lake County Court of Common Pleas. As the primary grounds for his motion, respondent contends that the merits of the instant action have become moot because relator, the Westfield Insurance Company, has already obtained the basic relief which it is seeking through the issuance of a writ. For the following reasons, we hold that the dismissal of the prohibition petition is warranted.
 {¶ 2} For his ultimate relief in this case, relator has requested this court to issue an order which would enjoin respondent from proceeding in a pending civil action before him. Essentially, relator argues that respondent cannot continue to exercise jurisdiction over the underlying matter because it has filed an appeal from a prior judgment issued in that specific case. In support of this argument, relator has alleged the following facts in its petition: (1) respondent is the assigned judge in Tomcany v. Range Construction, Lake C.P. No. 01CV00127; (2) on April 4, 2003, relator submitted a motion to intervene in the Tomcany case; (3) on April 25, 2003, respondent issued a judgment in which he denied relator's motion; (4) on May 13, 2003, relator appealed the judgment to this court in 11th Dist. No. 2003-L-071; and (5) at a pretrial conference held in the Tomcany case on May 15, 2003, respondent indicated that he intended to proceed to trial in the matter even though the appeal had been filed.
 {¶ 3} In now moving to dismiss relator's claim, respondent contends that certain events have occurred after the filing of the instant action which have rendered his claim moot. Specifically, he asserts that, on June 11, 2003, this court issued a judgment entry in the pending appeal staying all further proceedings in the underlying case. In light of this, respondent further asserts that it is simply unnecessary to determine whether a writ of prohibition should lie under these circumstances.
 {¶ 4} In responding to the foregoing argument, relator does not dispute the fact that a stay of the trial proceeding was granted in the pending appeal. Moreover, relator admits that the granting of the stay has had the same practical effect as the issuance of a writ would in the instant case. Nevertheless, relator still requests that we address the merits of its prohibition claim because the underlying circumstances of this matter could occur again in the future and the resolution of the basic legal issue in this case could be beneficial to the attorneys who practice within our jurisdiction.[1]
 {¶ 5} In regard to the issue of whether the instant situation is likely to take place repeatedly in the future, we would first note that any dispute concerning the jurisdiction of a trial court to proceed after overruling a motion to intervene will arise only when an appeal is taken from that decision. Obviously, if the party seeking to intervene does not appeal the denial of the motion, there will be no dispute as to the trial court's ability to proceed. To this extent, the existence of an appeal is a prerequisite to any jurisdictional dispute.
 {¶ 6} In turn, since an appeal must always be filed, it follows that the appealing party will always have the option of moving this court to stay all further proceedings at the trial level, just as relator did in the instant situation. In many respects, the procedure for obtaining a stay as part of an existing appeal is simpler than obtaining such relief in a prohibition action, especially since the latter procedure involves the initiation of a new civil proceeding. Therefore, it is highly likely that most appealing parties will attempt to obtain the stay as part of the appellate process before even considering whether to file a prohibition action.
 {¶ 7} Furthermore, although a trial judge can never be a party to an appeal, this does not mean that the jurisdictional issue could not be fully considered as part of the stay determination in the appeal. While it would appear that the appellees in the instant situation chose not to contest relator's stay motion, any subsequent appellee could raise the jurisdictional issue in opposing a stay request; i.e., any appellee could argue that a stay should not be granted because the filing of the appeal regarding the "intervention" decision would not deprive the trial court of jurisdiction to proceed with the remainder of the case. Accordingly, we hold that this is not a circumstance in which the jurisdictional issue will always evade our review unless it is considered in the context of a prohibition action.
 {¶ 8} Obviously, a prohibition proceeding is a viable means for contesting a trial court's jurisdiction to go forward under the facts of this situation. However, as a purely practical matter, a party can obtain the same result in a more efficient manner through a stay motion in the pending appeal. In light of this, this court ultimately concludes that it is unlikely that the basic legal issue raised in relator's prohibition claim will be asserted in subsequent prohibition actions. Rather, that legal issue will typically be both asserted and determined through a stay motion filed in an appeal from the "intervention" decision.
 {¶ 9} As a general proposition, Ohio courts will render an advisory opinion as to a moot issue only when the issue will always evade judicial review despite the fact that it is capable of repetition. Stateex rel. White v. Kilbane Koch, 96 Ohio St.3d 395, 2002-Ohio-4848. Consistent with the foregoing analysis, this court holds that the basic issue before us in the instant action will not always evade review because the jurisdictional issue can be raised in response to a stay motion in a pending appeal. Thus, we are not inclined to address the merits of relator's prohibition claim when it is now evident that the issuance of the stay has resolved the situation.
 {¶ 10} As the merits of the prohibition claim are now moot, respondent's motion to dismiss is granted. It is the order of this court that relator's entire prohibition petition is hereby dismissed.
DONALD R. FORD, P.J., JUDITH A. CHRISTLEY and CYNTHIA WESTCOTT RICE, JJ., concur.
[1] As an aside, this court would note that respondent did not raise the "mootness" argument in his basic motion to dismiss; instead, the argument was first set forth in his reply to relator's brief in opposition to the motion to dismiss. Although we would not normally consider the merits of a point which the non-moving party did not have an opportunity to address in its brief in opposition, our review of the pleadings before us indicates that relator did fully address the mootness point in its sur-reply, which was submitted after respondent had filed his reply. As a result, this court holds that the mootness argument is properly before us at this time.