[Cite as *Dorman Properties, L.L.C. v. W. Side Tavern, Inc.*, 2012-Ohio-5056.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

DORMAN PROPERTIES, LLC,      :

    Plaintiff-Appellee,      :      Case No.    11CA17

    vs.      :

WEST SIDE TAVERN, INC.,      :      DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.      :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Jonathan C. Clark and Brian J. Calandra, P.O. Box 1405, 130 East Chestnut Street, Lancaster, Ohio 43130

COUNSEL FOR APPELLEE:      Kenneth E. Ryan, ESLOCKER & OREMUS CO., L.P.A., 16 West State Street, Athens, Ohio 45701

_____

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 10-18-12
ABELE, P.J.

{¶ 1} This is an appeal from an Athens County Municipal Court judgment that granted Dorman Properties, LLC, plaintiff below and appellee herein, restitution of its premises in a forcible entry and detainer action filed against West Side Tavern, Inc., defendant below and appellant herein.

{¶ 2} Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING A JUDGMENT ENTRY IN FAVOR OF

PLAINTIFF-APPELLEE WITHOUT A FULL HEARING."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING A JUDGMENT ENTRY BASED ON THE FACT THAT DEFENDANT-APPELLANT WAS UNABLE TO FULFILL A CONDITION THAT WAS NEVER ORDERED."

THIRD ASSIGNMENT OF ERROR:

"WHEN DORMAN ACCEPTED FUTURE RENT AFTER POSTING THE THREE-DAY NOTICE THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY CONTINUING TO HEAR THE CASE."

**{¶ 3}** On February 25, 2011, appellee filed a forcible entry and detainer complaint against appellant in the municipal court. On March 21, 2011, the court held a hearing regarding appellee's complaint. At the hearing, appellant's president appeared without counsel. During the hearing, he requested a continuance to retain counsel, which the court granted.

**{¶ 4}** On April 4, 2011, appellant filed an answer and counterclaim for breach of contract and unjust enrichment and sought damages in excess of $25,000. The municipal court consequently transferred the case to the common pleas court because the amount claimed in the counterclaim exceeded its monetary jurisdiction.

**{¶ 5}** On April 26, 2011, the common pleas court remanded the case to the municipal court. The court observed that the municipal court did not journalize the proceedings before it, and the court therefore remanded the case "for submission of an entry to Judge Steiner for his findings."

**{¶ 6}** On June 2, 2011, the municipal court granted appellee immediate possession. The court transferred appellee's damage claim and appellant's counterclaim to the common pleas court.

The municipal court subsequently entered a writ of execution.

**{¶ 7}** On June 30, 2011, appellant filed a notice of appeal from the municipal court's decision. Appellant also requested both this court and the municipal court to stay the execution of the court's judgment. On July 5, 2011, this Court stayed the municipal court's judgment for twenty days to permit appellee time to respond to appellant's request for a stay.

**{¶ 8}** On July 12, 2011, the trial court granted appellant's motion to stay execution conditioned upon appellant posting a $30,000 bond by July 15, 2011. On July 25, 2011, this Court extended our twenty day stay until August 19, 2011, in order to give the parties the opportunity to mediate the matter.[1]

**{¶ 9}** On August 22, 2011, the municipal court issued a writ of execution and restored appellee to the premises. On August 24, 2011, appellee was restored to the premises.

**{¶ 10}** On August 29, 2011, appellee filed a motion to dismiss the appeal. Appellee asserts that the appeal is moot because appellee has been restored to the premises.

**{¶ 11}** Before we address the merits of appellant's assignments of error, we first must determine whether this appeal presents a case or controversy or, instead, an abstract question not capable of judicial review. E.g., Babbitt v. United Farm Workers Nat. Union, 442 U.S. 289, 297, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979); Muskrat v. United States, 219 U.S. 346, 356, 31 S.Ct. 250, 55 L.Ed. 246 (1911).

"[I]t is the duty of every judicial tribunal to decide actual controversies

---

[1] On August 29, 2011, we terminated our temporary stay and denied appellant's request for a stay because the trial court had issued a stay.

between parties legitimately affected by specific facts and to render judgments which can be carried into effect.   It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies."

Fortner v. Thomas, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970), citing Section 4(B), Article IV, of the Ohio Constitution.   Accord Kincaid v. Erie Ins. Co., 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶9.

{¶ 12} Generally, a case or controversy is lacking and a case is moot "'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" Los Angeles County v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979), quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).   Accord City of Erie v. Pap's A.M., 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000).

"No actual controversy exists where a case has been rendered moot by an outside event.   'It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error.'   Miner v. Witt (1910), 82 Ohio St. 237, 92 N.E. 21, syllabus."

Tschantz v. Ferguson, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991).   "A cause will become moot only when it becomes impossible for a tribunal to grant meaningful relief, even if it were to rule in favor of the party seeking relief."   Joys v. Univ. of Toledo, Franklin App. No. 96APE08-1040 (April 29, 1997), citing Miner, 82 Ohio St. at 238-239.

{¶ 13} Exceptions exist to the mootness doctrine, such as when issues are "capable of repetition, yet evading review."   State ex rel. Beacon Journal Publishing Co. v. Donaldson, 63 Ohio St.3d 173, 175, 586 N.E.2d 101 (1992).   "[T]his exception applies only in exceptional

circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." State ex rel. Calvary v. Upper Arlington, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000); State ex rel. White v. Kilbane Koch, 96 Ohio St.3d 395, 2002-Ohio-4848, ¶13, 775 N.E.2d 508. The Ohio Supreme Court has recognized two other exceptions to the mootness doctrine: (1) when the issue involves "a matter of great public interest;" or (2) when "there remains a debatable constitutional question to resolve." Franchise Developers, Inc. v. Cincinnati, 30 Ohio St.3d 28, 505 N.E.2d 966 (1987), paragraph one of the syllabus.

{¶ 14} "A forcible entry and detainer action decides the right to immediate possession of property and 'nothing else.'" Goldstein v. Patel, Lorain App. Nos. 02CA8183, 02CA8199, 2003–Ohio–4386, ¶4, quoting Seventh Urban Inc. v. Univ. Circle Prop. Dev. Inc., 67 Ohio St.2d 19, 25, 423 N.E.2d 1070, n.11 (1981). Thus, "[o]nce a landlord has been restored to property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that may be granted to the landlord." United States Secy. of Hous. and Urban Dev. v. Chancellor, 8th Dist. No. 73970 (Feb. 25, 1999). As the court explained in Crossings Dev. Ltd. Partnership v. H.O.T., Inc., 96 Ohio App.3d 475, 479-80, 645 N.E.2d 159 (1994):

> "'[A] moot case arises * * * where a judgment is sought, upon a matter which when it is rendered, cannot have any practical effect upon the issues raised by the pleadings. This is the status of the case at bar. The inquiry is irresistible. Should the case be reversed[,] upon another trial below, the paradoxical situation would arise that the landlords were seeking to dispossess a tenant who had already voluntarily dispossessed himself. It would unequivocally appear that the landlord was seeking a right which he had already acquired by consummation. * * * The

course, if plaintiffs secured judgment, would be to give them nothing but that which they already have and prayed for, to-wit, the possession of the premises and thus it would appear that the reason for this possession was because of the situation created by the tenant in vacating the property and surrendering the occupancy thereof.'"

Crossings Dev. Ltd. Partnership v. H.O.T., Inc., 96 Ohio App.3d 475, 479-480, 645 N.E.2d 159 (1994), quoting Gelfand v. Stys, 7 Ohio Law Abs. 105, 105 (1929). Consequently, "when a plaintiff is successful and defendant does not obtain a stay preventing its ouster and the return of the premises to the plaintiff * * * the issues are rendered moot." Id. at 481.

{¶ 15} A defendant appealing a judgment of forcible entry and detainer may overcome a ruling of mootness by obtaining a stay of execution and/or posting a supersedeas bond. R.C. 1923.14; Tripp v. French, 9th Dist. No. 02CA0004-M, 2002-Ohio-6996, ¶8. Accord Valente v. Johnson, 4th Dist. Nos. 06CA31 and 06CA38, 2007-Ohio-2664, ¶20. However, if a defendant fails to obtain a stay of execution and/or post a supersedeas bond, all issues relating to forcible entry and detainer are rendered moot. Valente at ¶20; Tripp at ¶8.

{¶ 16} In the case at bar, appellant did not obtain a stay of the judgment, and the appellee was restored to the premises. Even, if we agreed with appellant's assignments of error, we could not grant appellant any relief. Consequently, the issues involved in this appeal are moot.

{¶ 17} Additionally, we do not believe that any exceptions to the mootness doctrine apply. The issues herein are not capable of repetition yet evading review because there is not a reasonable expectation that appellant will be subject to the same action again. Furthermore, the issues do not involve a matter of great public interest or raise a debatable constitutional question. Cleveland Fin. Assoc., L.L.C. v. Cleveland Banquets, L.L.C., 8th Dist. No. 95009, 2011-Ohio-931, ¶13.

{¶ 18} Accordingly, based upon the foregoing reasons, we hereby grant appellee's motion

to dismiss the appeal.

APPEAL DISMISSED.

Kline, J., concurring.

{¶ 19} I concur in judgment and opinion because the principal opinion accurately states the law and resolves this case.   That is, I agree that this case is moot.   I write separately to note that I believe that the Athens County Municipal Court lacked jurisdiction to enter its June 2, 2011 entry.

{¶ 20} Following the continuance from the municipal court's March 21, 2011 hearing, Appellant filed a counterclaim alleging claims for damages that exceeded the municipal court's jurisdictional limit.   Consequently, the municipal court transferred the case to the Athens County Court of Common Pleas on April 8, 2011.   The court of common pleas then remanded the case back to the municipal court, so that the municipal court could enter its "findings" from the March 21, 2011 hearing.

{¶ 21} Instead of entering its findings, the municipal court filed its June 2, 2011 entry, which (1) granted Appellee possession of the premises, (2) ordered Appellant to vacate the premises, and (3) transferred the claims for damages back to the Athens County Court of Common Pleas.

{¶ 22} "Although the court of common pleas and municipal courts have concurrent original jurisdiction over forcible entry and detainer actions, * * * when such an action includes claims

over which the municipal court does not have jurisdiction, *the municipal court must certify the entire case to the court of common pleas*." (Emphasis added.) *Pete's Grill, Inc. v. Entercorp*, 8th Dist. No. 61547, 1992 WL 369301, *2 (Dec. 10, 1992); *see also State ex rel. Penn v. Swain*, 21 Ohio App.3d 119, 121, 486 N.E.2d 1187 (1984).

**{¶ 23}** In my view, the municipal court did not have jurisdiction to adjudicate the forcible entry and detainer claim following the remand from the court of common pleas. Instead, the municipal court was required to transfer the entire case back to the court of common pleas. However, "[e]ven though there was a case or controversy at the time the action was commenced, subsequent events may render the matter or controversy moot." *Civil Service Personnel Assn., Inc. v. City of Akron*, 9th Dist. No. 13694, 1988 WL 137989, *2 (Dec. 21, 1988).

**{¶ 24}** Here, events subsequent to the commencement of the case have rendered the matter or controversy moot. I believe that regardless of how Appellee obtained possession of the premises, the forcible entry and detainer issue is now moot because Appellee has possession of the premises.

**{¶ 25}** Thus, I concur in judgment and opinion.

Harsha, J., dissenting:

**{¶ 26}** I fail to see how a case can be moot if the order of restitution, which attempted to restore possession to the owner, is void ab initio due to lack of subject matter jurisdiction. Thus, I

dissent.

## JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J.: Concurs in Judgment & Opinion with Opinion
Harsha, J.: Dissents with Opinion

For the Court

BY:_____
Peter B. Abele
Presiding Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.