[Cite as *Lowery v. Bradley*, 2017-Ohio-1273.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| CHARLES B. LOWERY, | : | |
| Plaintiff-Appellant, | : | Case No. 16CA3532 |
| v. | : | |
| | | DECISION AND |
| LARRY W. BRADLEY, et al., | : | JUDGMENT ENTRY |
| Defendants-Appellees. | : | RELEASED 04/03/2017 |

APPEARANCES:[1]

Charles B. Lowery, Toledo, Ohio, *pro se* Appellant.

Hoover, J.

{¶ 1} Plaintiff-appellant, Charles B. Lowery, appeals from the judgment of the Ross County Common Pleas Court which found, after a bench trial, in favor of the defendants-appellees, Larry W. Bradley and Elizabeth Roberts, in Lowery's lawsuit raising claims of breach of contract and fraud. On appeal, Lowery contends that (1) the trial court erred by ruling that he "sought to practice law without a liscense [sic] when all facts & findings of evidence proved to the contrary"; (2) the trial court erred in its judgment because it allowed Bradley to submit "perjurious testimony into/onto the record"; and (3) the trial court's judgment is against the manifest weight of the evidence. We disagree with Lowery. We presume that the judgment and proceedings in the trial court were valid because Lowery did not provide us with a transcript of the bench trial. Accordingly, we affirm the judgment of the trial court.

---

[1] Defendants-appellees, Larry W. Bradley and Elizabeth Roberts, have not entered an appearance or otherwise participated in this appeal.

## I. Facts and Procedural Posture

{¶ 2} On May 12, 2015, Lowery filed a complaint against Bradley and Roberts, asserting claims for breach of contract and fraud. The complaint alleged that Bradley, an inmate in Ohio's prison system, approached Lowery, also an Ohio inmate, for assistance with legal issues that Bradley was having regarding his parents' probate estate. The complaint further asserted that several contractual agreements were entered into between Lowery and Bradley, wherein Lowery agreed to "prepare paperwork for initial filing, as well as future civil suits, and to help and assist with any interpretation needed" in exchange for an agreed upon compensation plan. Lowery asserted that Bradley breached these contracts by failing to compensate him for the assistance he provided to Bradley. Lowery also claimed that Bradley did send some money to Roberts, that was to be forwarded to him as part of the compensation agreement, but that the monies were never forwarded to him.

{¶ 3} Bradley filed a motion to dismiss the complaint[2], claiming that he had previously paid Lowery an agreed settlement for the services rendered, and that Lowery was attempting to "double dip". The trial court construed the motion as a Civ.R. 12(B)(6) motion to dismiss, but ultimately denied the motion by written decision.

{¶ 4} Eventually, the case proceeded to a bench trial on January 29, 2016. Both Lowery and Bradley, who had represented themselves throughout the proceedings below, appeared via video conference to argue the matter. It is not known whether Roberts appeared or not.

{¶ 5} On February 4, 2016, the trial court issued its decision by way of a judgment entry. The trial court determined that after considering the testimony and arguments of the parties, "the

---

[2] Roberts never did file a response to the complaint.

parties ha[d] engaged in an unlawful contract for the unauthorized practice of law." In addition,

the trial court determined that because Lowery had engaged in the unauthorized practice of law,

he was not entitled to compensation. Thus, the trial court found in favor of Bradley and Roberts.

This appeal followed, and Lowery, acting *pro se*, now asserts three assignments of error.

## II. Assignments of Error

{¶ 6} On appeal, Lowery raises the following assignments of error for review:

Assignment of Error I:

> Trial Court erred in it's [sic] ruling the Representative Plaintiff, Charles B. Lowery, sought to practice law without a liscence [sic] when all facts & findings of evidence proved to the contrary.

Assignment of Error II:

> Trial Court erred in it's [sic] judgment ruling against Representative Plaintiff, Charles B. Lowery, when it allowed Defendant's [sic] to submit perjurious testimony into/onto the record, while under oath, in a court of law.

Assignment of Error III:

> The Judgment of the Trial Court is against the manifest weight of the evidense [sic].

## III. Law and Analysis

{¶ 7} In the case sub judice, we do not have the benefit of a transcript of the trial court

proceedings. Although Lowery did attempt to obtain preparation of a transcript, the record

reveals that he was without sufficient funds to pay for one; and both the trial court and this Court

denied his motion for transcript preparation at government expense, this case being civil, not

criminal. Furthermore, Lowery failed to avail himself of the various alternatives provided by the

appellate rules when a transcript is unavailable. *See* App.R. 9(C) and (D).

{¶ 8} As the appellant, Lowery has the duty to provide this Court with the necessary transcripts of the record below so that we can address his assignments of error. App.R. 9; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). The rule is based upon the fact that an appellant bears the burden of pointing out error by referencing the record. *Knapp* at 199, citing *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978). In the absence of an error affirmatively appearing on the record, a reviewing court must presume that the judgment and proceedings in the trial court were valid. *Id*. Therefore, without the necessary transcripts, a reviewing court has nothing to pass upon and must affirm the judgment of the trial court. *Id*.

{¶ 9} As mentioned above, the record in the case sub judice is devoid of any transcript from the bench trial, or an acceptable alternative as provided by App.R. 9, despite the fact that all of Lowery's assignments of error involve factual issues that apparently arose during the trial of this matter. Without the trial transcript, this Court cannot give any type of meaningful review to the actions and findings of the trial court during the trial. Furthermore, for the reasons stated above, we have no option but to presume that the proceedings and judgment of the trial court were valid. Accordingly, all three of Lowery's assignments of error are overruled.

### IV. Conclusion

{¶ 10} Having overruled the assignments of error, the judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J., and McFarland, J.: Concur in Judgment Only.

For the Court

By:_____
        Marie Hoover, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**