[Cite as *Carrington Mtge. Servs. v. Moder*, 2017-Ohio-5662.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| CARRINGTON MORTGAGE SERVICES, | : | Case No. 16CA18 |
| | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND JUDGMENT ENTRY |
| vs. | : | |
| | : | |
| JAMES MODER, et al., | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 06/23/17** |

<u>APPEARANCES</u>:

James A. Moder, Rockbridge, Ohio, Pro Se Appellant.

Jason A. Whitacre and Laura C. Infante, The Law Offices of John D. Clunk, Co., L.P.A., Stow, Ohio, for Appellee.

McFarland, J.

{¶1} James A. Moder appeals the August 12, 2016 judgment entry of the Hocking County Municipal Court which granted judgment to Carrington Mortgage Services ("Carrington") for restitution of the premises and costs. Appellant asserts the trial court erred in granting judgment to Carrington. Having reviewed the record, we find the issues raised by Appellant to be moot and therefore, no relief can be granted to him. Accordingly, we decline to consider Appellant's assignments of error and hereby dismiss his appeal.

FACTS

{¶2} On June 13, 2016, Carrington Mortgage Services filed a complaint for forcible entry and detainer against James Moder and John Doe in the Hocking County Municipal Court. Carrington alleged it had completed a foreclosure action against Appellant in the United States District Court, Southern District of Ohio. Carrington further alleged that the address of the premises subject of the foreclosure was also the premises subject of the eviction complaint at 27100 S.R. 180 in Rockbridge, Ohio. Carrington attached a copy of the recorded Special Masters Deed obtained in the federal foreclosure action as an exhibit to the eviction complaint. Carrington further alleged that Appellant had been properly served a notice to leave premises, which was also attached as an exhibit. Carrington demanded an order of restitution of the premises and costs. The matter was set for a hearing.

{¶3} On July 7, 2016, Appellant filed a pleading captioned "Motion to Dismiss/Summary Judgment/For Expenses/Lost Wages and Counterclaims for Abuse of Process/Vexatious Litigation and Unjust Enrichment." Appellant's pleading moved to dismiss the eviction action on the grounds of res judicata, failure to state a claim, and lack of personal and subject matter jurisdiction. Appellant also requested expenses and lost wages incurred in defending the eviction action. On July 21, 2016, Carrington filed a brief in opposition to

Appellant's motion to dismiss.  On August 2, 2016, Appellant filed a reply to Carrington's brief in opposition.

{¶4}  On August 12, 2016, the court filed a judgment entry granting judgment to Carrington for restitution of the premises and costs.  Appellant was ordered to vacate the property by August 22, 2016.  All counterclaims were dismissed.  This timely appeal followed.

{¶5}  Appellant also filed a motion for stay of execution of the trial court's August 12, 2016 judgment entry in this court.  Carrington subsequently filed a brief in opposition.  Thereafter, Appellant filed a reply to the brief in opposition. On September 12, 2016, this court denied Appellant's request for a stay of execution on the basis of mootness.  According to the Hocking County Municipal Court docket, as of August 24, 2016, Appellant had vacated the premises subject of the eviction action.[1]

{¶6}  Appellant has also filed a motion for sanctions.  Carrington responded. This court has also denied the motion for sanctions.

ASSIGNMENTS OF ERROR

"I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN GRANTING APPELLEE'S COMPLAINT FOR A JUDGMENT OF 'RESTITUTION OF PREMISES AND COSTS.'

---

[1] *In re Helfrich,* 5th Dist. Licking No. 13CA20, 2014-Ohio-1933, ¶ 35, citing *State ex rel. Everhart v. McIntosh,* 115 Ohio St.3d 195, 2007-Ohio-4798, 974 N.E.2d 516, ¶ 8, 10 (court can take judicial notice of judicial opinions and public records accessible from the internet).

II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY ORDERING APPELLANT TO 'VACATE THE PROPERTY BY AUGUST 22, 2016.'

III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S COUNTERCLAIMS."

LEGAL ANALYSIS

{¶7} We discuss Appellant's assignments of error jointly. The trial court's August 12, 2016 judgment entry states in pertinent part:

"This matter came on for trial upon Plaintiff's Complaint the 8th day of July, 2016. All parties appeared. * * * Based upon evidence adduced through sworn testimony and exhibits duly admitted the court finds that Plaintiff has established a right to possession of the subject premises and has complied with all notice requirements as set forth by Ohio law. * * * Judgment for Plaintiff for restitution of premises and costs. Defendant is hereby ordered to vacate the property by August 22, 2016. All counterclaims are without merit and are hereby dismissed.* * *."

{¶8} Pursuant to the mootness doctrine, courts will not decide moot cases. *Rithy Properties, Inc., v. Cheeseman,* 2016-Ohio-1602, 63 N.E.3d 752, (10th Dist.) ¶ 14, *In re A.G.,* 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37; *Tschantz v. Ferguson,* 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991). Generally, a case or controversy is lacking and a case is moot " 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *Dorman Properties, LLC, v. West Side Tavern,* 4th Dist. Athens No. 11CA17, 2012-Ohio-5056, ¶ 12, quoting *Los Angeles County v. Davis*, 440 U.S. 625, 631,

99 S.Ct. 1379 (1979), quoting *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944 (1969). *Accord City of Erie v. Pap's A.M.,* 529 U.S. 277, 287, 120 S.Ct. 1382 (2000). "A cause will become moot only when it becomes impossible for a tribunal to grant meaningful relief, even if it were to rule in favor of the party seeking relief." *Joys v. Univ. of Toledo,* 10th Dist. Franklin No. 96APE08-1040 (April 29, 1997), citing *Miner v. Witt,* 82 Ohio St. 237 at 238-239, 92 N.E.2d (1910).

{¶9} Exceptions do exist to the mootness doctrine, such as when issues are "capable of repetition, yet evading review." *Dorman Properties, supra,* at ¶ 13, quoting *State ex rel. Beacon Journal Publishing Co. v. Donaldson*, 63 Ohio St.3d 173, 175, 586 N.E.2d 101 (1992). "[T]his exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington,* 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000); *State ex rel. White v. Kilbane Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, ¶ 13, 775 N.E.2d 508. The Supreme Court of Ohio has recognized two other exceptions to the mootness doctrine: (1) when the issue involves "a matter of great public interest;" or (2) when "there remains a debatable constitutional question to resolve." *Franchise*

*Developers, Inc. v. Cincinnati,* 30 Ohio St.3d 28, 505 N.E.2d 966 (1987), paragraph one of the syllabus.

{¶10} The Supreme Court of Ohio has stated that actions in forcible entry and detainer determine the right to immediate possession of the property "and nothing else." *Dorman Properties, supra*, ¶ 14, quoting *Seventh Urban, Inc. v. University Circle,* 67 Ohio St.2d 19, 25, 423 N.E.2d 1070 (1981). A forcible entry and detainer action is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property. *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 2000-Ohio-193, 739 N.E.2d 333. Once a landlord has been restored to the property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that can be granted. *RLJ Management Co., Inc. v. Larry Baldwin,* 3rd Dist. Crawford No. 3–01–16, 2001-Ohio-2337.

{¶11} However, a defendant appealing a judgment of forcible entry and detainer may overcome a ruling of mootness by obtaining a stay of execution and/or posting a supersedeas bond. *Dorman, supra*, at ¶ 15; R.C.1923.14; *Tripp v. French,* 9th Dist. Medina No. 02CA0004–M, 2002-Ohio-6996, ¶ 8. *Accord Valente v. Johnson,* 4th Dist. Athens Nos. 06CA31 and 06CA38, 2007-Ohio-2664,

¶ 20.[2]  Nevertheless, if a defendant fails to obtain a stay of execution and/or post a supersedeas bond, all issues relating to forcible entry and detainer are rendered moot. *Dorman* at ¶ 19; *Valente* at ¶ 20; *Tripp* at ¶ 8.

{¶12}  Here, Appellant was unable to obtain a stay of execution of the trial court's August 12, 2016 judgment.  The municipal court docket indicates Appellant had vacated the premises.[3]  Further, we find no exceptions which would bar application of the mootness doctrine.  Since the issues raised on appeal are moot, we do not reach the merits of his assigned errors.  Appellant's appeal is hereby dismissed.

**APPEAL DISMISSED.**

---

[2] R.C.1923.14 provides: "* * * If an appeal from the judgment of restitution is filed and if, following the filing of the appeal, a stay of execution is obtained and any required bond is filed with the court of common pleas, municipal court, or county court, the judge of that court immediately shall issue an order to the sheriff, police officer, constable, or bailiff commanding the delay of all further proceedings upon the execution. * * *"

[3] Furthermore, we observe that as the appellant, Appellant had the duty to provide this Court with the necessary transcripts of the record below so that we could have addressed his assignments of error. *Lowery v. Bradley*, 4th Dist. Ross No. 16CA3532, 2017-Ohio-1273, ¶ 8; App.R. 9; *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).  The rule is based upon the fact that an appellant bears the burden of pointing out error by referencing the record. *Knapp* at 199, citing *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978).  In the absence of an error affirmatively appearing on the record, a reviewing court must presume that the judgment and proceedings in the trial court were valid. *Id.*  Without the necessary transcripts, a reviewing court has nothing to pass upon and must affirm the judgment of the trial court. *Id.*

## **JUDGMENT ENTRY**


It is ordered that the APPEAL BE DISMISSED.  Appellee shall recover any costs from Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.: Concur in Judgment and Opinion.


For the Court,


BY:  _____
Matthew W. McFarland, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**