[Cite as *State ex rel. Englewood Dir. of Law v. Red Carpet Inn*, 2018-Ohio-1224.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE ex rel. CITY OF ENGLEWOOD DIRECTOR OF LAW | : | |
| | : | |
| | : | Appellate Case No. 27590 |
| *Plaintiff-Appellant* | : | |
| | : | Trial Court Case No. 2016-CV-5658 |
| v. | : | |
| | : | (Civil Appeal from |
| RED CARPET INN, et al. | : | Common Pleas Court) |
| | : | |
| *Defendants-Appellees* | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of March, 2018.

. . . . . . . . . . .

MICHAEL P. MCNAMEE, Atty. Reg. No. 0043861, CYNTHIA P. MCNAMEE, Atty. Reg. No. 0056217, GREGORY B. O'CONNOR, Atty. Reg. No. 0077901, and ALEXANDER W. CLOONAN, Atty. Reg. No. 0095690, 2625 Commons Boulevard, Beavercreek, Ohio 45431
  Attorneys for Plaintiff-Appellant

MATTHEW C. SORG, Atty. Reg. No. 0062971, 40 North Main Street, Suite 2700, Dayton, Ohio 45423
  Attorney for Defendants-Appellees

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff-appellant, the City of Englewood Director of Law, appeals from the trial court's final judgment of April 24, 2017, in which the court dismissed his abatement action against Defendants-appellees, Satya Hospitality Corporation and Rajesh Patel. Presenting two assignments of error, Appellant argues essentially that the trial court misinterpreted several sections of R.C. Chapter 3767. We find, however, that the underlying legal controversy has since been rendered moot, and therefore, this appeal is dismissed in accord with the mootness doctrine.

## I. Facts and Procedural History

{¶ 2} Beginning in 2001, Satya Hospitality Corporation ("SHC") owned and operated a Red Carpet Inn franchise in Englewood, located on the parcel of land it owns at 15 Rockridge Road. Appellant initiated an abatement action against Appellees on November 7, 2016, alleging that Appellees' business qualified as a nuisance under R.C. 3767.01(C)(2) as the result of purportedly significant "illegal and immoral activity [on the premises,] includ[ing] drug use and prostitution." Appellant's Br. 3.

{¶ 3} The parties tried the case to the bench on January 26, 2017. On March 8, 2017, the trial court entered a verdict in Appellees' favor and directed the parties to submit proposed findings of fact pursuant to Civ.R. 52. The court thereafter entered its final judgment, captioned "Findings of Fact and Conclusions of Law," on April 24, 2017, formally dismissing Appellant's complaint with prejudice.

{¶ 4} Appellant timely filed his notice of appeal on May 18, 2017. Several months afterward, in late September or early October, 2017, Appellees "voluntarily demolished" the building in which the Red Carpet Inn franchise had been operated, leaving only the

building's "concrete footers in the ground."   Appellant's Br. 2; Appellees' Br. 1-2.

## II. Analysis

{¶ 5} Appellees raise the prospect of mootness in their brief, though without discussion.   Appellees' Br. 1-2.   In his reply brief, Appellant acknowledges "that an appellate court lacks jurisdiction to adjudicate moot claims" and concedes that the trial court could, on remand, hardly order the closure of facilities that no longer exist.   *See* Appellant's Br. 2.   Nevertheless, Appellant argues that "at least two" exceptions to the mootness doctrine apply to this case.   *Id.* at 3.   Specifically, Appellant refers to the exceptions applicable to "appeals [in which] the issues raised are 'capable of repetition, yet evading review,' " and appeals in which "the matter appealed is one of great public or general interest."   *State ex rel. Plain Dealer Publ'g Co. v. Barnes*, 38 Ohio St.3d 165, 527 N.E.2d 807 (1988), paragraph one of the syllabus, quoting *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911), and *Franchise Developers, Inc. v. City of Cincinnati*, 30 Ohio St.3d 28, 505 N.E.2d 966 (1987), paragraph one of the syllabus.

{¶ 6} The "role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect."   *Cryan v. Cryan*, Ohio Sup. Ct. Slip Opinion No. 2018-Ohio-24, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970).   Thus, when the parties to an action " 'lack a legally cognizable interest in the outcome,' [the] case becomes moot."   *Id.*, quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).   Conversely, "if an actual controversy exists because [the] court [can] grant the requested relief, [then] the case is not moot, and a consideration of the merits is warranted."   *State ex rel. Gaylor, Inc. v. Goodenow*, 125

Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 11. An "appellate court need not consider an issue, and will dismiss [an] appeal, when [it] becomes aware of an event that has rendered the issue moot * * *." *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm'n*, 103 Ohio St.3d 398, 2004-Ohio-5466, 816 N.E.2d 238, ¶ 15, citing *Miner v. Witt*, 82 Ohio St. 237, 238, 92 N.E. 21 (1910); *see also Townsend v. Antioch Univ.*, 2d Dist. Greene No. 2008-CA-103, 2009-Ohio-2552, ¶ 8, citing *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991).

**{¶ 7}** Here, we find that the instant case has been made moot by the demolition of the improvements on Appellees' property. Appellant predicated the abatement action against Appellees on allegations that the facilities of the Red Carpet Inn were used for prostitution and for trafficking in controlled substances, along with allegations that the facilities themselves were structurally unsafe and not maintained in compliance with applicable public health regulations. *See* Compl. ¶ 16-23, 25-26, 28-32, 35, 44, 48-49 and 51, Nov. 7, 2016. As Appellant recognizes, however, even assuming that Appellees' property qualified as a nuisance for the reasons alleged in the complaint, the demolition of the improvements on the property has effectively accomplished the permanent abatement of the nuisance, leaving no regulatory violations or illegal activity to enjoin. The demolition of the improvements, moreover, would seem to be the result ultimately sought by the City of Englewood itself. *See* Compl. ¶ 41.

**{¶ 8}** Appellant argues that the mootness doctrine should not apply to this appeal because the issues presented are capable of repetition but likely to evade review. Appellant's Br. 4-5. Although Appellant agrees that "the Red Carpet Inn, specifically, is no longer a concern," he avers that "there are several other hotels in Englewood and the

greater Miami Valley" potentially subject to abatement for similar reasons. *Id.* at 4. Consequently, Appellant claims a "need[] [for clarification] whether Englewood is entitled to abate nuisances by the methods" he employed in the trial court. *Id.* at 5.

{¶ 9} Yet, the capable-of-repetition exception " 'applies only in [uncommon] circumstances in which the following two factors [apply]: (1) the challenged [activity or transaction] is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be [aggrieved by] the same [activity or transaction] again.' " *Carrington Mortgage Servs. v. Moder*, 4th Dist. Hocking No. 2016-CA-18, 2017-Ohio-5662, ¶ 9, quoting *State ex rel. Calvary v. City of Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000), and citing *State ex rel. White v. Kilbane Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 13. In this case, neither factor applies. The existence of a nuisance on the premises of a retail business establishment is not necessarily so fleeting that such nuisances appear likely to routinely evade review, and businesses named as defendants in abatement actions seem unlikely, with any frequency, to terminate their operations and demolish their facilities before the entry of judgment. *See, e.g., White*, 2002-Ohio-4848, ¶ 11-14.

{¶ 10} As well, Appellant argues that this case should be exempt from the mootness doctrine because it is a case of great public or general interest, given that "serious property maintenance violations, prostitution, and drug use are all [concerns that] communities want and need to address." Appellant's Br. 4. The validity of these concerns notwithstanding, the provisions of R.C. Chapter 3767 provide a well-established means for redress, and even supposing for sake of argument that the trial court erred in

its statutory interpretation, its decision is too closely tied to the allegations in Appellant's complaint and the specific evidence presented at trial to warrant review as a matter of great public or general interest. *See also Harshaw v. Farrell*, 55 Ohio App.2d 246, 251, 380 N.E.2d 749 (10th Dist.1977) (observing that "[o]rdinarily, * * * only the highest court of [a] state" rules on an otherwise moot case pursuant to the exception for cases of great public importance).

### III. Conclusion

{¶ 11} Our finding of mootness obviates the need to evaluate Appellant's assignments of error. *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm'n*, 103 Ohio St.3d 398, 2004-Ohio-5466, 816 N.E.2d 238, ¶ 15; *Townsend v. Antioch Univ.*, 2d Dist. Greene No. 2008-CA-103, 2009-Ohio-2552, ¶ 8. This appeal is dismissed as moot.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies mailed to:

Michael P. McNamee
Cynthia P. McNamee
Gregory B. O'Connor
Alexander W. Cloonan
Matthew C. Sorg
Michelle Sundgaard
Dipak Patel
Rajesh Kumar
Hon. Timothy N. O'Connell